Jerry Edward AUSTIN *v.*
STATE of Arkansas

CR 75-41                                    524 S.W. 2d 622

Opinion delivered June 23, 1975

*Vincent E. Skillman Jr, Skillman, Durrett & Davis,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a petition for post-conviction relief under Criminal Procedure Rule 1. The petitioner was convicted of first degree murder in September, 1972. He now alleges that extensive pretrial publicity about the case deprived him of his constitutional right to a fair trial. The trial judge, after a hearing, denied the petition. We uphold his decision.

Some fourteen months elapsed between the filing of the information in 1971 and the trial in 1972. It is shown by the petitioner's proof that during that interval four different "detective magazines" published illustrated articles, of a sensational nature, purporting to narrate facts about the crime. There is no proof that any of the magazines had a substantial circulation in Crittenden county or that any member of the trial jury every read any of the articles. There was also in-

troduced a front-page article that appeared in a Memphis newspaper, the Press-Scimitar, on the day of the petitioner's arrest, but we find nothing in the article at odds with restrained and accurate reporting.

The petitioner's argument rests essentially upon the Supreme Court's decision in *Sheppard* v. *Maxwell*, 384 U.S. 333 (1966), but there is no similarity between that case and this one. The facts in the *Sheppard* case showed that the accused was examined for more than five hours, without counsel, in a televised inquest, that newspapers published the names and addresses of prospective jurors, who received letters and telephone calls about the case, that newsmen took over almost the entire courtroom, that the jurors had access to all news media, that pretrial publicity included incriminating matter not introduced at the trial, that the trial judge took no effective measures either to curb the massive publicity or to control the conduct of the trial, and other circumstances that we need not detail.

We perceive no resemblance between the *Sheppard* case and the case at hand. The isolated publicity that attended the petitioner's arrest and subsequent trial was in no respect comparable to the reporting of the *Sheppard* case. The record before us includes the voir dire proceeding by which the prospective jurors were questioned and eventually accepted by counsel. In our opinion the record is devoid of proof that the pretrial publicity attending the petitioner's trial violated in any respect his undoubted constitutional right to a fair and impartial trial.

Affirmed.

FOGLEMAN, J., not participating.